ROGER WYATT v. HANCOCK NELSON MERCANTILE
COMPANY AND ANOTHER.
SENTRY INSURANCE COMPANY, RESPONDENT.

207 N. W. 2d 342.

April 20, 1973—No. 43483.

*Jardine, Logan & O'Brien* and *Graham Heikes,* for relators.

*Jack DeVaughn,* for respondent employee.

*Hansen, Hazen, Dordell & Bradt* and *Lawrence Hazen,* for respondent insurer.

PER CURIAM.

The issues presented for review in this workmen's compensation case are whether the employer had knowledge or notice of the injury within 90 days of the accident, and whether the employee sustained his burden of proving that he suffered a work-related injury.

The employee had a long history of back trouble when on January 23, 1970, he sustained another injury. Surgery revealed an extruded disc fragment. The employee himself disclosed the medical history to which he attributed his back condition. Testimony concerning the employee's disc problem, coupled with evidence that he felt pain radiating down his right leg which he had not previously experienced, supports the commission's findings that he sustained a work-related injury on January 23, 1970.

Although the record is not clear on the matter, reference was made to the fact the foreman was told of the injury in January. He was not called as a witness. The employee did not seek medical care until March 18 and was not disabled until March 30, 1970. The petition which claimed an injury on January 23, 1970, was filed on May 25, 1970, and served on June 4, 1970, within 90 days of the employee's first visit to a doctor. The injury resulted from the routine practice of "banging" a boxcar door. The facts justified the application of the trivial injury doctrine, Davidson v. Bermo, Inc. 272 Minn. 97, 137 N. W. 2d 567 (1965), which relieved the employee of strict compliance with Minn. St. 176.141.

Attorneys' fees in the amount of $400 are allowed.

Affirmed.