Robert Lee BLANTON, Appellant,

v.

WORKMEN'S COMPENSATION BOARD et al., Appellees.

No. 75–326.

Court of Appeals of Kentucky.

Oct. 31, 1975.

Rehearing Denied Feb. 6, 1976.

Cole, Cole & Anderson, Barbourville, for appellant.

Bennett Clark, Stoll, Keenon & Park, Lexington, Earl M. Cornett, Gen. Counsel, Dept. of Labor, Joe A. Newberg, Asst. Counsel, Dept. of Labor, Frankfort, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded Robert Lee Blanton workmen's

compensation for total permanent disability attributable to pneumoconiosis, seventy-five percent of the award to be paid by the Special Fund and the balance by Blanton's most recent employer, National Electric Coil Division of McGraw Edison Company. The claim had been defended on the grounds that (1) in the written application for employment which Blanton submitted when he was hired by National Electric Coil, he failed truthfully to state the facts with respect to his previous employment and the previous state of his health, whereby he was barred by KRS 342.316(9) from receiving compensation; (2) Blanton did not have the required exposure to the hazards of pneumoconiosis; and (3) he was not in fact disabled in any degree. Although the first defense noted above was specially pleaded and was briefed, the board ignored it. The board found for the claimant on the other two defenses.

On appeal by the Special Fund and by National Electric Coil to the circuit court, they maintained that the findings of the board as to exposure and disability were not supported by the evidence, and that Blanton's claim in any event should be barred by reason of the alleged untruthfulness of the employment application. The circuit court found that the alleged untruthfulness of the employment application was not such as to constitute a bar to the claim under KRS 342.316(9). The court did hold, however, that the evidence did not support the board's findings as to exposure and disability; wherefore, judgment was entered setting aside the award and directing that the claim be dismissed.

■ On this appeal by Blanton from that judgment, he contends that the circuit court was in error in finding lack of evidentiary support for the findings as to exposure and disability. The Special Fund and National Electric Coil maintain that the judgment is not in error in that respect, and that in any event Blanton's claim should be held to be barred by the untruthfulness in the employ-ment application. We agree with the latter contention.

■ Blanton admitted that the employment application was untruthful in regard to his previous employment, in that it stated that during a designated five-year period he had been employed as a carpenter in Louisville when in fact he had been employed as an underground coal miner in Harlan. Also, the application failed to disclose the facts that Blanton had quit work as a coal miner because of severe breathing difficulty, he had been diagnosed as having a significant defect of the back, and he was undergoing treatment for a severe eye disease. Blanton's only explanation for the misstatements and omissions was that the employment application was prepared by his son and he did not read it. We do not consider this to be a basis for absolving Blanton of the consequences of KRS 342.-316(9). That statute says:

"No compensation shall be payable for occupational disease if the employee at the time of entering the employment of the employer by whom compensation would otherwise be payable, falsely represented himself, in writing, as not having been previously disabled, laid off, or compensated in damages or otherwise, because of such disease, or failed or omitted truthfully to state to the best of his knowledge, in answer to written inquiry made by the employer, the place, duration and nature of previous employment, or, to the best of his knowledge, the previous state of his health."

It is the opinion of this court that Blanton's claim should have been held to be barred by reason of the untruthful application. The situation is that the circuit court correctly directed that the award to Blanton be set aside and his claim dismissed, but on the wrong grounds. There is no error in the judgment as concerns its dispositive provisions.

The judgment is affirmed.

All concur.