Edward O. JEWISON, Employee,

v.

FRERICHS CONSTRUCTION, Relator,

and

Aetna Casualty, Insurer.

No. C9–88–1293.

Supreme Court of Minnesota.

Jan. 6, 1989.

Mack Freeman, Dianne Walsh, Minneapolis, for appellant.

Van Holston, Burnsville, for respondent.

POPOVICH, Justice.

A petition to discontinue workers' compensation benefits and a claim for reimbursement was filed by employer Frerichs Construction and insurer Aetna Casualty Company against a former employee, Edward O. Jewison. The compensation judge issued findings and an order denying the petition on the ground there was no causal connection between misrepresentations Jewison made on a pre-employment application regarding his previous injuries and the injury he suffered while employed by Frerichs. The Workers' Compensation Court of Appeals ("WCCA") affirmed the compensation judge's findings and order.

We affirm the WCCA decision that there was no causal connection between Jewison's previous injuries and his current injury. In addition, we adopt the rule that a false representation as to physical condition or health made by an employee in procuring employment may preclude the benefits of the Workers' Compensation Act for an otherwise compensable injury. We also affirm the compensation judge's finding that the workers' compensation benefits awarded to Jewison were received in good faith under Minn.Stat. § 176.179 (1986).

## I.

Edward O. Jewison was hired as a carpenter by Frerichs Construction on August 19, 1985. Prior to being hired, Jewison completed a medical history questionnaire as part of the job application process. Frerichs uses a questionnaire in the hiring of all tradespeople. It is designed to make sure all applicants are capable of doing the work for which they are hired.

Jewison signed the form attesting he had answered all of the questions correctly. However, many of his answers were in fact false. Jewison falsely stated: (1) he wore glasses to read; (2) he had never had an operation; (3) he was never a patient in a sanitorium; (4) he had never been seriously injured; (5) he had never been refused employment for health reasons; (6) he had never been forced to leave work for health reasons; (7) he had never received workers' compensation benefits; and (8) he had never injured his back.

Jewison testified he answered these questions falsely because he was afraid he would not be hired for the job if he told of his prior injuries. The owner of Frerichs Construction testified he would not have hired Jewison if he had admitted having prior operations, having been seriously injured, having received workers' compensation benefits or having had to leave a job for health reasons.

Jewison's first injury occurred on April 18, 1973, while he was working for the Watson Construction Company. He suffered injuries to his neck. Next, Jewison injured his back on July 11, 1973, while employed by the Rauenhorst Construction Company. He received workers' compensation benefits for 22½ percent permanent partial disability of his back and 60 weeks of temporary total disability. Jewison suffered another back injury on July 31, 1980, while working for PCL Construction Company. He was paid 18⅗ weeks of temporary total disability benefits and 5 percent permanent partial disability of the spine.

Jewison's injury at Frerichs Construction occurred on August 22, 1985, approximately four days after he had begun working there. He suffered a permanent aggravation of his pre-existing back injury. The injury occurred while Jewison was in the process of putting things away at the end of the work day. He went to pick up a mitre box, weighing approximately 40–70 pounds, in order to carry it to the basement. He felt no discomfort when lifting the box. However, after he had gone approximately 20 feet he slipped on a piece of pipe conduit lying on the ground. His feet went out from under him and he fell to the ground, landing on his back with the mitre box on top of him. No one else witnessed the accident.

Jewison received temporary total disability benefits until his return to work in a

lower paying, non-construction job on March 22, 1986. He is currently receiving temporary partial disability payments. He suffers from a loss of feeling in one-half of his left foot, which the doctor has indicated may never return.

Dr. Elmer R. Salovich, a board certified orthopedic surgeon, testified regarding Jewison's injuries as follows: (1) the 1985 injury produced an aggravation of Jewison's previous back condition; (2) the injury could have occurred with or without Jewison's previous back condition; (3) it would be possible for someone who has never had a back problem and falls carrying a mitre box of that size to sustain a permanent injury to his or her back.

## II.

Appellant argues this court should adopt the standard set forth in 1C Larson, *The Law of Workmen's Compensation* § 47.53 (1986). The Larson standard provides that an employee who makes false statements about his physical condition in a pre-employment application will be denied workers' compensation benefits when the following factors are present: (1) the employee has knowingly and willfully made a false representation as to his physical condition; (2) the employer has relied upon the false representation and this reliance has been a substantial factor in the hiring; and (3) there has been a causal connection between the false representation and the injury. 1C Larson § 47.53 at 8–394.

We are not aided by any explicit provision of the Workers' Compensation Act. By implication, however, there is statutory evidence of a public policy regarding an employee's obligation of truthful pre-employment health disclosure to a prospective employer. The Special Compensation Fund, created under Minn.Stat. § 176.129 (1986), allows employers to seek reimbursement when an employee incurs personal injury and suffers a disability that would not have occurred or would not have been as serious if the employee had not possessed a preexisting physical impairment. *Flansburg v. Giza,* 284 Minn. 199, 200–01, 169 N.W.2d 744, 745–46 (1969). In order to take this advantage of the Fund, employers must have knowledge of the employee's preexisting physical impairment prior to his second injury. Minn.Stat. § 176.131, subd. 3 (1986), requires the employee be registered with the commissioner prior to his injury. Therefore, concealing a preexisting condition may deprive the employer of the benefits available to him under the Fund. Other states have adopted the Larson standard, relying on the public policy evidenced by such a Fund even though no direct statutory authority existed to deny workers' compensation benefits when a misrepresentation has been made. *See Shippers Transport of Georgia v. Stepp,* 265 Ark. 365, 578 S.W.2d 232 (1979); *Federal Copper & Aluminum Company v. Dickey,* 493 S.W.2d 463 (Tenn.1973); *Volunteers of America v. Industrial Commission,* 30 Wis.2d 607, 141 N.W.2d 890 (1966); *Air Mod Corporation v. Newton,* 9 Storey 148, 59 Del. 148, 215 A.2d 434 (1965); *Martin Company v. Carpenter,* 132 So.2d 400 (Fla.1961).

■ We adopt the rule that a false representation as to physical condition or health made by an employee in procuring employment will preclude the awarding of workers' compensation benefits for an otherwise compensable injury if it is shown that: (1) the employee knowingly and willfully made a false representation as to his physical condition; (2) the employer substantially and justifiably [1] relied on the false representation in the hiring of the employee; and (3) a causal connection existed between the false representation and the injury. The burden is on the employer to prove each of these elements.

## III.

Both parties agree that the first two elements of this rule have been proven.

---

**1.** An employer must provide a justifiable reason for not hiring a particular applicant. Except when based on a bona fide occupational qualification, it is an unfair employment practice for an employer to discriminate against a person with respect to hiring because of a disability. Minn.Stat. § 363.03, subd. 1(2)(c) (1986).

Jewison knowingly provided false information to Frerichs and this information was relied on in the hiring process. The only issue remaining before this court is the question of a causal connection between Jewison's misrepresentation of his previous injuries and his current injury.

 The Michigan Court of Appeals, in *Leach v. Detroit Health Corp.*, 156 Mich.App. 441, 402 N.W.2d 38 (1986), set forth a standard for determining when a causal connection has been established:

In a case where an employee's preexisting condition is aggravated to the point of a disability by an independent occurrence, we believe that the evidence must show both: (1) that the employee's disability arose out of a reasonably foreseeable accident or job-related activity which in and of itself, in the absence of a preexisting condition, would not have caused the employee to become disabled, and (2) that the employee's preexisting condition substantially increased the risk that the employee would become disabled from a reasonably foreseeable accident or job-related activity.

*Id.* at 449, 402 N.W.2d at 41–42. We adopt this standard for determining when a causal connection has been established under the rule we now adopt. In the current case, Jewison suffered an aggravation of his existing back injury. However, his preexisting condition did not contribute to the occurrence of the accident. There is no evidence that he was more susceptible to slipping on the piece of conduit as a result of his back problems. In addition there is evidence that even without the presence of a preexisting back injury, incurring such a fall while carrying a heavy mitre box could be disabling.

Under the standard of review for workers' compensation appeals, the WCCA need only decide whether the compensation judge's findings were supported by substantial evidence in view of the entire record as submitted. Minn.Stat. § 176.421, subd. 1(3) (1986). This court also has a limited scope of review of decisions of the WCCA. WCCA decisions will be overturned only if "it appears that the findings are manifestly contrary to the evidence or that it is clear reasonable minds would adopt a contrary conclusion." *Hengemuhle v. Long Prairie Jaycees*, 358 N.W. 2d 54, 61 (Minn.1984).

On the causal connection issue, the compensation judge found that:

The substantial contributing cause to [sic] the employee's injury was the debris on the floor at the work site which caused him to slip. The previous injuries to the employee's back made the new injury substantially greater, however, the employee's previous injuries were not the cause of the current injury.

The WCCA found there was substantial evidentiary support for the compensation judge's determination that Jewison's previous injuries were not the cause of his current injury. We hold these findings are supported by substantial evidence.

### IV.

 Appellant argues the workers' compensation benefits awarded to Jewison were not received in good faith. Minn.Stat. § 176.179 (1986) provides that in the event it is subsequently determined payment of workers' compensation benefits was made by an employer or insurer under a mistake of fact or law, payments received by the employee in good faith shall not be refunded to the employer or insurer but instead shall be credited against future benefits. The compensation judge found there was no evidence that Jewison made false representations in order to collect workers' compensation benefits which he knew or had reason to know he might not be entitled to receive. We affirm the compensation judge's finding and hold that Jewison's receipt of the workers' compensation benefits was done in good faith.

AFFIRMED.