ROBERTSON, Presiding Judge.
Following a hearing on Jack Jochum’s complaint for workmen’s compensation *53 benefits, the trial court entered an order finding that the employee was injured in a work-related accident while performing his duties for his employer, Builders Transport. Pursuant to this determination, the trial court determined the employee to be permanently and totally disabled.
Subsequently, the employer filed a motion for new trial, alleging that the employee had misrepresented to the employer his prior physical condition and who his prior employers were and that, as a consequence of these misrepresentations, employee should not receive benefits for permanent total disability from employer or, in the alternative, that the benefits should be reduced pursuant to § 25-5-57(a)(4)(e), -(f), or -(g) and § 25-5-58, Code 1975.
The trial court denied the employer’s motion.
The employer now appeals, asserting that the trial court erred in denying its motion for new trial. Specifically, the employer asserts that the employee’s willful misrepresentation of his prior physical condition and prior work history to his employer should bar the employee from recovering benefits under the workmen’s compensation laws of the State of Alabama.
Initially, we note that the employer acknowledges that the workmen’s compensation statutes of the State of Alabama do not address the effect of an employee’s false representations to a potential employer concerning the employee’s physical condition. Further, employer recognizes that no Alabama case law exists on the subject. Consequently, this case presents us with an issue of first impression.
In support of its position, the employer cites us to § 25-5-115, Code 1975, which provides
“[i]f an employee, at the time of or in the course of entering into the employment of the employer by whom the compensation would otherwise be paid, willfully and falsely represented himself in writing to such employer as not having previously been compensated ... because of occupational disease ... such employee ... shall be barred from compensation....”
The employer asks us to apply this section beyond the limited situation of occupational disease to extend the bar from compensation to include injury due to accidents, where there was willful misrepresentation of the employee’s physical condition.
We recognize that other jurisdictions have extended the employee’s obligation to be truthful to situations outside the occupational disease realm, e.g., Georgia Electric Co. v. Rycroft, 259 Ga. 155, 878 S.E.2d 111 (1989). Specifically, those jurisdictions have determined that misrepresentations on employment applications can result in a denial of compensation. In denying the compensation they have applied this three-part test, which is espoused by Larson:
“The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his [physical] condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.”
A. Larson, 1C The Law of Workmen’s Compensation, § 47.53 (1986).
A general rule of statutory construction is that when a statute enumerates certain things on which it is to operate, then the statute must be construed as excluding from its operation those things not enumerated. Ex parte Kirkpatrick, 495 So.2d 1095 (Ala.1986); Ex parte Holladay, 466 So.2d 956 (Ala.1985). Additionally, workmen’s compensation laws are considered remedial in nature and are to be liberally construed and applied in order to effectuate their beneficent purposes. Hilyard Drilling Co. v. Janes, 462 So.2d 942 (Ala.Civ.App.1985).
We also note this pertinent language from the supreme court of Nevada, which, when considering the same issue, opined that in the absence of an express legislative mandate, the court was powerless to create such a defense. Goldstine v. *54 Jensen Pre-Cast, 102 Nev. 630, 729 P.2d 1355 (Nev.1986); see also Teixeira v. Kauikeolani Children’s Hospital, 3 Haw.App. 432, 652 P.2d 635 (1982).
“It is true that such a rule [the Larson test] would serve the useful purpose of discouraging employee fraud, and allowing the employer to rely on the integrity of the applicant in making its hiring decision.... However, we are persuaded that such a policy decision is properly considered by the legislature, rather than by this court....
“Further, an examination of the legislative scheme as a whole convinces us that, where a policy consideration advocates exclusion of coverage, the legislature is perfectly capable of implementing such policy. In fact, the legislature has already determined that no compensation shall be payable for industrial disease where the employee willfully and falsely represents that he has not previously suffered from such disease....
“Thus, although we are aware that several jurisdictions have adopted the rule [Larson’s test] ..., we join those courts which have held that such a rule is not properly adopted by the courts.” (Emphasis added.)
Goldstine, 729 P.2d at 1356-57. (citations omitted).
Thus, in view of the overall purposes of the workmen’s compensation statutes of Alabama, the aforementioned rule of statutory construction, and the aforementioned cases from other jurisdictions that have been confronted with the same question, we cannot extend the operation of § 25-5-115 beyond its terms, nor will we adopt the test espoused by Larson. As our constitution provides, “the judicial shall never exercise the legislative ... powers ...” Const. of 1901, Art. Ill, § 43; see also Board of Commissioner v. State ex rel. Baxley, 295 Ala. 100, 324 So.2d 256 (1975).
Further, in view of our holding above, the employer’s assertion that pursuant to § 25-5-56, Code 1975, all payments previously made to the employee should be treated as “advances” is without merit.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
RUSSELL, J., concurs in result only.