ROBERTSON, Presiding Judge.
Edna Key filed suit for workmen's compensation benefits because of a back injury *1035 allegedly sustained while in the employ of Southern Energy Homes, Inc. (employer).
Following an ore tenus proceeding, the trial court found that an employment relationship existed between the parties on the date of the accident and that both parties were subject to the Workmen’s Compensation Act of Alabama. Also, the trial court found that Key suffered an accident, which arose out of and in the course of her employment with the employer, that caused her to be totally and permanently disabled and awarded her benefits accordingly. The employer appeals.
First, the employer argues that the trial court erred in failing to find that an alleged misrepresentation by Key on her employment application barred her from recovery. Specifically, Key, when asked on her employment application if she “ever had back trouble or a back injury” responded “no.” On the contrary, she had suffered a muscle strain in her back as recently as six months prior to applying with the employer, and she had been treated for back trouble as far back as 1971. The employer contends that it would not have hired Key if it had known of these back problems, and, therefore, she should be precluded from recovering.
This issue was recently addressed by this court in Builders Transport, Inc. v. Jochum, 585 So.2d 52 (Ala.Civ.App.1991). There, an employer argued that § 25-5-115, Code 1975, which precludes recovery when an employee misrepresents his physical condition regarding an occupational disease, should be extended to preclude recovery by an employee who misrepresents his physical condition and later suffers an accident. Out of deference to the state legislature, we refused to extend such an application, and, therefore, the trial court did not err by failing to find that Key’s failure to disclose previous back trouble on her job application barred her from recovery. The employer acknowledges this court’s decision in Jochum, that this policy decision should be properly considered by the legislature. However, the employer contends that, since the legislature has not extended § 25-5-115 to bar from compensation those who suffer accidents, judicial intervention is proper. Our supreme court has held, and we agree, that “the judiciary cannot and should not, in a republican form of government, usurp the legislative function.” Ex parte Holladay, 466 So.2d 956, 960 (Ala.1985).
Second, the employer contends that the trial court erred in finding that Key’s current condition arose out of her employment with the employer. The employer argues that Key’s preexisting condition was the sole cause of her current medical condition.
In reviewing workmen’s compensation cases, this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). It is also well-settled law in Alabama that an employee able to perform her work duties in a normal manner prior to the time of the disabling injury has no preexisting condition for compensation purposes. Speegle v. Dobbs Bros., 545 So.2d 777 (Ala.Civ.App.1989).
There was evidence before the trial court that the employee performed all the normal and usual duties of her job from the time of her employment until the date of the accident, that she had not missed any work due to any preexisting back problems, that she never received a complaint from her boss about her job, and that she performed hard physical labor of a type difficult for a woman. The trial court specifically found that the employee “was performing all the normal and usual duties of her job” until “a set of cabinets fell, striking her on the head and back causing her severe and immediate pain.”
The trial court further found that the employee “did not suffer from a preexisting injury which impaired her ability to earn wages.”
This court has defined preexisting condition in terms of the effect that condition *1036 has on the employee’s ability to earn wages. Gold Kist, Inc. v. Nix, 519 So.2d 556 (Ala.Civ.App.1987). If Key’s back problems did not affect her ability to earn or her ability to perform her work duties in a normal manner, they did not exist for compensation purposes. Speegle; Gold Kist. We find there was ample legal evidence before the trial court to support its finding that Key’s current condition arose out of her employment with the employer.
The employer’s final contention is that the trial court erred in its determination of Key’s average weekly wage. The record reflects, and it is undisputed, that Key was employed for less than 52 weeks preceding her injury. Section 25-5-57(b) provides that:
“Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained. Where by reason of the shortness of the time during which the employee has been in the employment of his employer or the casual nature or terms of the employment it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the 52 weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer....”
The burden was on Key to present evidence for the computation of her average weekly wage. Cook Transports, Inc. v. Beavers, 528 So.2d 875 (Ala.Civ.App.1988). The employer’s payroll clerk testified that Key was paid $6.85 per hour and “that’s like two seventy-four ($274) weekly.” When asked what Key’s average weekly wage was, the clerk answered $274. The record reflects, and the payroll clerk testified, that Key was paid temporary total disability benefits by the employer from July 1987 to January 1990, based on an average weekly wage of $274.
The employer contends that Key did not work full 40 hour weeks while she was employed and that her average weekly wage should be calculated accordingly. The payroll records are not part of the record on appeal, but, clearly, the fact that the employer considered Key’s average weekly wage to be $274 during the time it paid Key temporary benefits was another factor for the trial court to consider. Again, we find that there was legal evidence before the trial court to support its finding that Key’s average weekly wage was $274.
We hold that a reasonable view of the legal evidence presented supports the trial court’s judgment. Eastwood Foods. Accordingly, this case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.