603 So.2d 1036 (1992)
Ex parte SOUTHERN ENERGY HOMES, INC.
(Re SOUTHERN ENERGY HOMES, INC.
v.
Edna E. KEY).
1910279.
Supreme Court of Alabama.
June 26, 1992.
*1037 Charles F. Carr and Rhonda K. Pitts of Rives & Peterson, Birmingham, for petitioner.
James C. King and John E. Warren III of Wilson & King, Jasper, for respondent.
Lyman H. Harris and Lawrence T. King of Harris, Evans, Berg, Morris & Rogers, P.C., Birmingham, for amici curiae Business Council of Alabama Self Insured Worker's Compensation Fund, St. Paul Fire and Marine Ins. Co., Liberty Mut. Ins. Group, Alabama Hosp. Ass'n Trust and Super Valu Stores, Inc.
PER CURIAM.
The issue presented in this case is one of first impression in this Court, although it has previously been addressed by the Court *1038 of Civil Appeals in a case in which this Court denied certiorari review. Builders Transport, Inc. v. Jochum, 585 So.2d 52 (Ala.Civ.App.1991). The issue is: Whether misrepresentations as to physical condition or health on an application to procure employment is a valid defense that may preclude recovery of worker's compensation benefits. The Court of Civil Appeals answered in the negative, once again, as it did in Builders Transport, Inc., supra, deferring to the legislature.
On July 15, 1987, Edna Key was injured at Southern Energy Homes, Inc. ("Southern Homes"), when a set of cabinets fell on her head as she was installing a stove plug. Key sued for worker's compensation benefits because of an alleged back injury sustained from this accident. Southern Homes paid medical benefits in the amount of approximately $24,964.02 for the treatment of Key's injuries.
Key had started work for Southern Homes on November 18, 1986, the same day she filled out the application for employment. When asked on her employment application, "Have you ever had back trouble or a back injury?" Key responded "no." Key was also asked if she had ever been injured on the job, and she again responded "no." To the contrary, she had suffered a muscle strain in her back, and she had been treated for back trouble since 1971.
Before applying to work with Southern Homes, Key had been employed at Cullman Industries, where she had pulled a muscle in her back approximately six months before she applied for employment with Southern Homes. Key's chiropractor, Dr. Jerry Tuggle, treated her for back problems in 1971-1974, 1978, 1982, and 1985-1986. Dr. Tuggle testified that Key had a mechanical condition of misalignment of the back vertebrae known as spondylolisthesis, which results in back pain. Dr. Bruhn, who saw Key in July 1986, testified that all of Key's current problems were solely related to her preexisting condition of spondylolisthesis. Key said that the reason she omitted reference to her previous back problem and to her previous worker's compensation claim on the employment application was that she "hadn't thought about it" and thought the question about previous back problems pertained to the bones and not to her pulled muscle. In addition, she said that she had been in a hurry to fill out the application and that she had considered her previous back problems to be minor.
Following an ore tenus proceeding, the trial court found that both parties were subject to the Worker's Compensation Act of Alabama. The trial court found that Key did not suffer from a preexisting injury that impaired her ability to earn wages. It also held that misrepresentation as to a prior injury was not a bar to recovery of worker's compensation benefits as the law presently exists in Alabama, and also found that, even if such a defense was valid under Alabama law, the plaintiff's prior injury did not impair her ability to work for the defendant and, therefore, that Key's misrepresentations were not material. The court also found that Key's accident caused her to be totally and permanently disabled and awarded her benefits accordingly; Key's vocational disability at the time of trial was 100 percent. The Court of Civil Appeals affirmed, 603 So.2d 1034 (Ala.Civ.App.1991).
The Court of Civil Appeals' opinion stated in part:
"This issue was recently addressed by this court in Builders Transport, Inc. v. Jochum, 585 So.2d 52 (Ala.Civ.App.1991). There, an employer argued that § 25-5-115, Code 1975, which precludes recovery when an employee misrepresents his physical condition regarding an occupational disease, should be extended to preclude recovery by an employee who misrepresents his physical condition and later suffers an accident. Out of deference to the state legislature, we refused to extend such an application, and therefore, the trial court did not err by failing to find that Key's failure to disclose previous back trouble on her job application barred her from recovery. The employer acknowledges this court's decision in Jochum, that this policy decision should be *1039 properly considered by the legislature. However, the employer contends that, since the legislature has not extended § 25-5-115 to bar from compensation those who suffer accidents, judicial intervention is proper. Our supreme court has held, and we agree, that `the judiciary cannot and should not, in a republican form of government, usurp the legislative function.' Ex parte Holladay, 466 So.2d 956, 960 (Ala.1985)."
It is not a usurpation of the legislative function for this Court to conclude that misrepresentation on an employment application as to prior physical injuries is a bar to recovery of worker's compensation benefits. As noted in a brief of amici curiae in support of the employer's argument in this case, it has long been a part of the common law that fraud in the inducement is a good defense to an action on a contract by one of the contracting parties. That worker's compensation bears a contractual relationship is no longer arguable. Tennessee Coal & Iron Div., U.S. Steel Corp. v. Hubbert, 268 Ala. 674, 110 So.2d 260 (1959); Harris v. National Truck Service, 56 Ala.App. 350, 321 So.2d 690 (1975). Thus, we hold that if the evidence supports a finding that an employee, in entering into the employment relationship, intentionally misrepresented the existence of a prior injury, then that material misrepresentation, if relied upon by the employer, will bar a claim for worker's compensation benefits if the employer can establish a causal relationship between the misrepresentation and the injury.
Such a judicial holding is not contrary to legislative intent. The employer and amici curiae argue that, by establishing the Second Injury Trust Fund, the legislature indicates that it intended an employee to be truthful in disclosing pre-employment health matters to his employer. Chief Justice Hornsby has stated:
"The people of Alabama should be able to presume that their neighbors are honest people; suspecting deceit is a duty that should not be borne, and a characteristic that should not be coveted. `The law protects even careless dupes from fraud. And this is true even though the investigation `could be made without any considerable trouble or expense.'"
Southern States Ford, Inc. v. Proctor, 541 So.2d 1081, 1092 (Ala.1989) (Hornsby, C.J., concurring).
The Alabama Workers' Compensation Act was taken in large part from that Minnesota Act. In Jewison v. Frerichs Construction, 434 N.W.2d 259, 260 (Minn. 1989), the Minnesota Supreme Court had the identical question that is presented here. It adopted the rule we now adopt: "that a false representation as to physical condition or health made by an employee in procuring employment may preclude the benefits of the Workers' Compensation Act for an otherwise compensable injury." 434 N.W.2d at 260. In reaching that result, the Minnesota Supreme Court acknowledged that it was not aided by any explicit provisions of the Workers' Compensation Act (neither are we aided by any explicit provisions of our Act); however, the Minnesota Supreme Court specifically noted that by implication there was "statutory evidence of a public policy regarding an employee's obligation of truthful pre-employment health disclosure to a prospective employer" through its second injury trust fund. 434 N.W.2d at 261.
Alabama Code 1975, § 25-5-115, provides in part:
"If an employee, at the time of or in the course of entering into the employment of the employer by whom the compensation would otherwise be paid, willfully and falsely represented himself in writing to such employer as not having previously been compensated ... because of occupational disease ... such employee ... shall be barred from compensation...."
Southern Energy Homes argues that this Court should extend § 25-5-115 beyond the limited situation of occupational disease and bar from compensation those injuries due to accidents that followed a willful misrepresentation of the employee's physical condition.
We adopt the standard set forth in 1C Larson, The Law of Workmen's Compensation *1040 § 47.53 (1986), which provides that an employee who makes false statements about his physical condition in a pre-employment application will be denied workers' compensation benefits when the following factors are present:
"(1) The employee must have knowingly and willfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury."
1C Larson § 47.53 at 8-394. The burden is on the employer to prove each of these elements. See Shippers Transport of Georgia v. Stepp, 265 Ark. 365, 578 S.W.2d 232 (1979); Air Mod Corp. v. Newton, 215 A.2d 434 (Del.1965); Martin Co. v. Carpenter, 132 So.2d 400 (Fla.1961); Georgia Electric Co. v. Rycroft, 259 Ga. 155, 378 S.E.2d 111 (1989); Blanton v. Workmen's Compensation Board, 531 S.W.2d 518 (Ky. 1976); Leach v. Detroit Health Corp., 428 Mich. 887, 403 N.W.2d 803 (1987); Jewison v. Frerichs Construction, 434 N.W.2d 259 (Minn.1989); Hilt Truck Lines, Inc. v. Jones, 204 Neb. 115, 281 N.W.2d 399 (1979); Martinez v. Driver Mechenbier, Inc., 90 N.M. 282, 562 P.2d 843 (1977); Cooper v. McDevitt & Street Co., 260 S.C. 463, 196 S.E.2d 833 (1973); Federal Copper & Aluminum Co. v. Dickey, 493 S.W.2d 463 (Tenn.1973); McDaniel v. Colonial Mechanical Corp., 3 Va.App. 408, 350 S.E.2d 225 (1986); Volunteers of America of Madison, Inc. v. Industrial Commission, 30 Wis.2d 607, 141 N.W.2d 890 (1966); Long v. Big Horn Construction Co., 75 Wyo. 276, 295 P.2d 750 (1956). With regard to the first element, in United States Fidelity & Guaranty Co. v. Edwards, 764 S.W.2d 533, 535 (Tenn.1989), the employee argued that because he was in a hurry to fill out his application, any misrepresentation of his physical condition was inadvertent. The Tennessee Supreme Court upheld a summary judgment for the employer barring the employee from receiving employment. We agree with the Tennessee court's reasoning that inadvertence "would hardly appear likely in view of [her] extensive history of back injury." 764 S.W.2d at 535.
With regard to the second element, Southern Homes argues that it relied on Key's misrepresentations in her application when she was hired, and it would not have hired Key if it had known of her preexisting back problems. The Tennessee court responded to a similar argument by this observation:
"While an employer takes the employee as he finds him, an employer is not required to assume the risk of aggravating a pre-existing injury unless either some notice of the condition is given by the applicant to enable the employer to make an informed hiring decision, or the employer does not rely upon the employee's representation."
Beasley v. U.S. Fidelity and Guar. Co., 699 S.W.2d 143, 145 (Tenn.1985). The element of reliance is established where the employee would not have been hired but for the deception or misrepresentation. Rowland v. Carriers Insurance Co., 738 S.W.2d 183, 186 (Tenn.1987).
With regard to the third element, Southern Homes submits that Dr. Bruhn's testimony indicates that Key's prior back problems were related to her current physical condition. Another court has written:
"Common sense dictates [a conclusion] that a prior injury of the nature suffered by defendant would create a predisposition to further injury, considering the nature of the work involved. Such a predisposition has been found to establish a causal connection."
United States Fidelity & Guaranty Co. v. Edwards, supra, 764 S.W.2d at 536.
The Minnesota Supreme Court adopted the following standard for determining when a causal connection has been established:
"In a case where an employee's preexisting condition is aggravated to the point of a disability by an independent occurrence, we believe that the evidence must show both: (1) that the employee's disability arose out of a reasonably foreseeable accident or job-related activity which *1041 in and of itself, in the absence of a preexisting condition, would not have caused the employee to become disabled, and (2) that the employee's preexisting condition substantially increased the risk that the employee would become disabled from a reasonably foreseeable accident or job-related activity."
Jewison v. Frerichs Construction, 434 N.W.2d at 262. We adopt this standard for determining when a causal connection has been established. In the present case, there was evidence from which one could conclude that Key's disability arose out of a job-related activity that, in the absence of her preexisting back injuries, would not have caused Key to become disabled; in addition, there was evidence from which one could conclude that Key's preexisting back injuries substantially increased the risk that she would become disabled from a reasonably foreseeable accident. The record contains material evidence to support the finding of a causal connection between the concealed condition and the injury for which benefits are now being sought. In sum, there was evidence from which a factfinder could find that all three elements were established in this case.
The trial court specifically stated that this defense was not available to the employer under Alabama law. Even so, the trial judge also specifically found that the misrepresentation made by the employee in the job application was not a material one. Actually, in Tidwell Industries, Inc. v. Kennedy, 410 So.2d 109, 110 (Ala.Civ.App. 1982), the Court of Civil Appeals seemed to recognize that under certain circumstances misrepresentation by an employee regarding a prior injury might be a defense. There, the employer raised the same defense that is at issue in this case. The Court of Civil Appeals stated, "The employer first contends the employee committed a `fraud' upon the employer due to falsely representing on employment application forms that he had experienced no previous back trouble." However, the Court of Civil Appeals found reasonable inferences from the evidence before the trial court that the employee had had no prior problems and upheld the award; the Court of Civil Appeals seems to have recognized that fraud might be a defense under certain circumstances, but found that there was no evidence to support the defense in that case. 410 So.2d at 110.
In any event, the trial court in the present case did not have the benefit of a statement of the elements of the defense, because they are adopted here for the first time in this State.
For the foregoing reasons, the judgment of the Court of Civil Appeals is reversed and the cause is remanded with instructions to that court to remand this case to the trial court for consideration in light of the fraud defense established in this case.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
SHORES and ADAMS, JJ., dissent.
SHORES, Justice (dissenting).
I respectfully dissent. I have no quarrel with Alabama's adopting a fraud defense in worker's compensation cases where the employee wilfully misrepresents a material fact relating to a prior injury. I differ with the majority only in this respect: I would leave it to the legislature. The legislature has just recently amended the Workers' Compensation Act in many material respects. Interested parties on all sides debated, bargained, and exerted whatever influence they had to bring about legislation favorable to their positions. If it is the policy of the legislature to bar recovery to an employee who misrepresents the fact of a prior injury, the legislature could have said so, but it did not. I note that it did repeal provisions contained in Alabama Code 1975, § 25-5-57(a)(4)f. relating to the second permanent injury resulting in permanent total disability where the first injury was not in the same employment.
For this reason, I dissent.
ADAMS, J., concurs.