**Pete BENDER, Relator,**

v.

**DONGO TOOL COMPANY, and Federated Mutual Insurance Co., Respondents,**

**and**

**MN Dept. of Human Services, Intervenor, Respondent.**

No. CX–93–1589.

Supreme Court of Minnesota.

Dec. 17, 1993.

Rehearing Denied Jan. 13, 1994.

Howard S. Carp, Minneapolis, for relator.

Terry J. Battaglia, Minneapolis, for Dongo Tool Co., and Federated Mutual Ins. Co.

William H. Mondale, Atty. Gen., St. Paul, for MN Dept. of Human Services.

KEITH, Chief Justice.

The Workers' Compensation Court of Appeals reversed the compensation judge's de-

termination of primary liability. We reverse and reinstate the compensation judge's finding and award based thereon.

Pete Bender worked as an iron worker. In September 1991, while undergoing chemical dependency treatment at the Veteran's Administration Medical Center in St. Cloud, he had a lumbar spine examination which resulted in a diagnosis of "discogenic disease in the Lumbar Area. L4 L5." Upon discharge, Bender was referred to the VA in Minneapolis for further evaluation and treatment of his low back; but he apparently did not followup on this because, as he testified, his back was not bothering him.

After registering with the State Department of Jobs & Training on June 4, 1992, Bender was referred to Dongo Tool Company, a small machine shop that needed a welder/grinder. Because the job was only temporary, Bender was not asked to complete a written application, but he was asked if he could weld and lift 75 pounds. Bender indicated he could do both. On August 11, 1992, Bender had an onset of low back pain while swinging a sledgehammer to break up a concrete floor at work. The next day, Bender was unable to get out of bed and called Dongo Tool, reporting that he had "pulled a muscle in his back swinging the sledgehammer on Monday."

Bender initially sought medical attention at the Indian Health Board Clinic where he was advised of a suspected herniated disc, given work restrictions and referred to the Hennepin County Medical Center; when seen at HCMC, Bender recounted he had had a "sudden" onset of low back pain while "breaking concreate [sic]" at work with a sledgehammer. On October 14, Bender underwent laminectomy surgery for an L4–5 disc herniation; his surgeon attributed the need for surgery to the August 11, 1992, work incident.

Bender sought wage loss and medical benefits. Dongo Tool and its workers' compensation liability carrier, Federated Mutual Insurance Company, denied liability on grounds that any disability was due to a preexisting condition and that Bender had misrepresented his physical condition at the time he was hired. Dongo Tool/Federated Mutual also had Bender examined by Dr. Thomas Litman who, after reviewing the 1991 medical records from the VA, concluded that Bender's job at Dongo Tool was "contraindicated based upon the previous history of his back problems" and that his "disc herniation and need for surgery [were] related to Mr. Bender's preexisting condition as documented in those medical records."

The compensation judge found that Bender had sustained a compensable lumbar spine injury on August 11, 1992, and that he had not willfully misrepresented his physical condition to the employer so as to preclude payment of compensation.[1] On appeal, the Workers' Compensation Court of Appeals reversed the primary liability determination, concluding the evidence as to cause and effect was insufficient. *Bender v. Dongo Tool Company,* —— Minn. Workers' Comp. Dec. ——, (WCCA, filed July 16, 1993).

■ That an employee has a long history of back trouble does not disqualify a claim if the employment aggravated, accelerated or combined with the infirmity to produce the disability for which compensation is sought. *E.g., Wyatt v. Hancock Nelson Mercantile Co.,* 296 Minn. 489, 207 N.W.2d 342 (1973). "Whether the employment [aggravated the preexisting condition] is a question of fact, not law, and a finding of fact on this point by the commission based on any medical testimony or, in the commoner afflictions where the commissioners themselves have acquired sufficient medical expertise, based on the commission's expert knowledge even without medical testimony, will not be disturbed on appeal." 1 Larson, *The Law of Workmen's Compensation* §§ 12.25 3–475–76 (1993); *see Kragness v. State,* 281 N.W.2d 159 (1979);

---

1. *Jewison v. Frerichs Const.,* 434 N.W.2d 259, 261 (Minn.1989) (a false representation as to physical condition or health made by an employee in procuring employment will preclude an award of workers' compensation benefits for an otherwise compensable injury if it is shown that: (1) the employee knowingly and willfully made a false representation as to physical condition; (2) the employer substantially and justifiably relied on the false representation; and (3) a causal connection existed between the false representation and the injury).

*Bush v. Louver Mfg. Co.,* 296 Minn. 520, 207 N.W.2d 711 (1973).

On the record here, it appears to us there was a sufficient evidentiary basis from which the compensation judge could reasonably conclude that the employment precipitated the disability for which compensation was sought. Bender performed heavy labor for Dongo Tool, he reported to Dongo Tool and his treating surgeon that he had had an onset of low back pain while doing sledgehammer work, the compensation judge found Bender credible to that extent, and the treating surgeon attributed the need for surgery and ensuing total disability to the reported work activity. The WCCA's finding to the contrary is reversed and the compensation judge's finding is reinstated.

One issue remains. Dongo Tool/Federated Mutual maintained that benefits were barred by *Jewison v. Frerichs Const.,* 434 N.W.2d 259 (Minn.1989). Our review of the record convinces us, however, that there was sufficient evidence to support the finding that Bender had not wilfully misled Dongo Tool as to his physical condition.

Reversed and compensation judge's decision reinstated.

Employee is awarded $400 in attorney fees.