L. CHARLES WRIGHT, Retired Appellate Judge.
William Turner brought this action to recover benefits from Kent Corporation under the Workmen’s Compensation Act of Alabama. Kent answered the complaint and subsequently filed a motion for summary judgment. In its motion, Kent asserted that it was entitled to a judgment as a matter of law because the undisputed facts showed that Turner misrepresented his physical condition on his job application. The trial court granted Kent’s motion for summary judgment. Turner appeals.
Turner asserts that the trial court erred in granting Kent’s motion for summary judgment.
Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Southern Guar. Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). The moving party bears the burden of proof. Where the nonmovant produces substantial evidence to support its position, summary judgment cannot be granted. Economy Fire & Casualty Co. v. Goar, 551 So.2d 957 (Ala.1989). Substantial evidence is ‘“evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven.’ [Ala.Code 1975,] § 12-21-12(d).” Economy Fire & Casualty Co.
The record reflects that Turner sought employment with Kent in April 1992 and that he filled out an employment application at that time. When asked on the application, “Do you have, have you ever had, or have you been told you might have one of the following physical conditions, ailments, or diseases?”, Turner placed a check under “No,” adjacent to “High Blood Pressure.” Kent hired Turner as a maintenance mechanic. In May 1992, while on top of one of the paint ovens, Turner fell and injured himself. Turner testified in deposition that the light on top of the oven was out and that he was up there to replace it. He testified that he was looking up to determine where to hang the six-foot light bulb when he misjudged his distance from the edge of the oven and stepped off. Turner stated that he did not become dizzy or feel faint while he was on top of the oven.
Kent argued that Turner was not entitled to compensation because he misrepresented his health condition on his employment application. In support of its contention, Kent offered the affidavit of Dr. Ward Andrew Keith. Dr. Keith averred that he had treated Turner for high blood pressure since September 1989. He stated the following:
“I rendered treatment for his high blood pressure including a one-time prescription for drugs to regulate the high blood pressure and instructions for diet modification. I treated Turner on subsequent dates, and his blood pressure remained high. I warned him about the dangers of high blood pressure and stressed the need for him to restrict his diet.”
In an affidavit Kent’s safety director averred that if he had known that Turner suffered from high blood pressure, Turner would not *899 have been hired as a maintenance mechanic because that position requires work at elevations and exposure to extreme heat.
In Ex parte Southern Energy Homes, Inc., 603 So.2d 1036 (Ala.1992), our supreme court determined that misrepresentation as to physical condition or health on an application for employment is a valid defense that may preclude the recovery of workmen’s compensation benefits. The supreme court provided the elements of the defense in the following manner:
“Thus, we hold that if the evidence supports a finding that an employee, in entering into the employment relationship, intentionally misrepresented the existence of a prior injury, then that material misrepresentation, if relied upon by the employer, will bar a claim for worker’s compensation benefits if the employer can establish a causal relationship between the misrepresentation and the injury.”
We find that Kent sufficiently met its burden regarding the first two elements of the defense. That is, Kent indisputably proved that Turner intentionally misrepresented his health condition and Kent relied on that misrepresentation in hiring Turner. Although Turner offered excuses as to why he misrepresented his health condition on his employment application, the facts were that he did make such a misrepresentation as it pertained to his history of having high blood pressure. The facts were similarly undisputed that the employment application was very significant in Kent’s decision to hire Turner. If Kent had known that Turner suffered from high blood pressure, Kent would not have placed Turner in a position which exposed him to work in high, hot locations.
We find, however, that Kent failed to meet its burden regarding the third element — the establishment of a causal connection between the misrepresentation and the injury. To support its position that a causal connection did exist, Kent submitted the affidavit of Dr. Walter Wilson. Dr. Wilson stated that “[considering the nature of the work, Turner’s uncontrolled hypertension created a predisposition for an injury to occur.” He averred that to a reasonable degree of medical probability, “the preexisting, uncontrolled hypertension probably contributed to the fall which led to the disability claim,” and that the “uncontrolled hypertension substantially increased the risk that disability would result from job-related activity.”
In Ex parte Southern Energy Homes, Inc., our supreme court adopted the Minnesota Supreme Court’s standard for determining when a causal connection has been established. That standard is as follows:
“ ‘In a case where an employee’s preexisting condition is aggravated to the point of a disability by an independent occurrence, we believe that the evidence must show both: (1) that the employee’s disability arose out of a reasonably foreseeable accident or job related activity which in and of itself, in the absence of a preexisting condition, would not have caused the employee to become disabled, and (2) that the employee’s preexisting condition substantially increased the risk that the employee would become disabled from a reasonably foreseeable accident or job-related activity.’ ”
Ex parte Southern Energy Homes, Inc. (quoting Jewison v. Frerichs Construction, 434 N.W.2d 259 (Minn.1989)).
Initially, we note that this element created a genuine issue of material fact. The facts were in dispute. Turner testified that his injury was caused by an inadvertent step that he took. He did not feel dizzy or faint at the time of the accident. Furthermore, there was no evidence that at the time of the accident Turner was suffering from high blood pressure. Kent offered evidence that Turner’s hypertension could have contributed to the accident. Because this element presented a factual issue that needed to be determined, the disposition by way of a summary judgment was in error.
The order granting the motion for summary judgment was made in error. The judgment of the trial court is reversed and the cause remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
*900 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
All the Judges concur.