YATES, Judge.
Elzo Logan sued Vernon Milling Company, Inc., to recover workers’ compensation benefits for an injury he suffered to the lower lumbar region of his back on August 24, 1992. After an ore tenus proceeding, the trial court denied benefits, finding: that Logan had a pre-existing condition; that he had misrepresented that fact on his employment application; and that the pre-existing condition substantially increased the risk that he would become disabled from a foreseeable accident or job-related activity. Logan appeals, raising only one issue: whether he was barred from recovering workers’ compensation benefits because he had provided incorrect information on his employment application.
The standard of appellate review in workers’ compensation cases under the new Act was adopted by this court in Whitsett v. BAMSI, Inc., 652 So.2d 287 (Ala.Civ.App.1994). This court stated:
“We will view the facts in the light most favorable to the findings of the trial court. The trial court’s judgment will not be reversed unless it is clear that the trial court’s findings are manifestly contrary to the evidence as contained in the record as a whole or unless it is clear that fair-minded persons in the exercise of impartial judgment would adopt a contrary conclusion.”
Id., at 290.
Logan went to work for Vernon Milling as a truck driver in August 1991. On August 24, 1992, while unloading tires, Logan suffered an injury to his lower back. In September 1992, he sought medical treatment from Dr. Robert Q. Craddock, complaining of *867 right buttock and leg pain. Dr. Craddock diagnosed Logan as having a ruptured disc at L5/S1, which is the last lumbar disc in the back. In October 1992, Logan underwent surgery to repair the ruptured disc and remained under Dr. Craddock’s care until June 1993. Dr. Craddock testified that in June 1993 he gave Logan a 15 percent impairment to the body as a whole, placed certain restrictions on him, and advised him not to return to his job at Vernon Milling or to any other strenuous job.
Logan had an extensive histoiy of back problems. In January 1987, he was first referred to Dr. Craddock by Dr. Dale Spru-iell. At that time Logan complained of low back, right hip, and leg pain and stated that he had had a long history of back trouble. A CAT scan revealed that Logan suffered from two bulging discs in the L4 and L5 areas. Logan was also treated by Dr. Gary Randolph, a chiropractor, for approximately 10 months during 1986 and 1987. Dr. Randolph diagnosed Logan as having a ruptured disc in the lumbar spine and stated that he was “totally disabled from any gainful employment.”
Before he was hired by Vernon Milling in August 1991, Logan completed an employment application, which contained a medical history. Logan answered that he had never been diagnosed as having suffered from an injury to, or disease of, the spine, vertebrae, or muscles of the back or neck, and he further answered that he had never received either a partial or total permanent disability rating for an injury or illness incurred on or off the job. Logan testified that he did not reveal his prior history of back problems on the application because, he said, “if you tell them everything they are going to kick it back out.” Company officials of Vernon Milling testified that if Logan had revealed his prior history of back problems he would not have been hired. Clearly, Logan’s misrepresentations were more than mere inadvertence, considering his extensive history of back problems and his admitted lack of candor in answering the application.
Logan relies on § 25-5-51, Ala.Code 1975, which states in part:
“No compensation shall be allowed if, at the time of or in the course of entering into employment ... the employee knowingly and falsely misrepresents in writing his or her physical or mental condition and the condition is aggravated or reinjured in an accident arising out of and in the course of his or her employment.
“At the time an employer makes an unconditional offer of employment ... the employer shall provide the employee with the following written warning in bold type print, ‘Misrepresentations as to preexisting physical or mental conditions may void your workers’ compensation benefits.’ If the employer defends on the ground that the injury arose in any or all of the last above-stated ways, the burden of proof shall be on the employer to establish the defense.”
(Emphasis added.) Logan argues that because he was not given the required warning, § 25-5-51 does not disqualify him from receiving benefits and, further, that because he did not receive the warning he did not have notice that a misrepresentation could lead to a denial of benefits. Logan completed the employment application and was offered the job with Vernon Milling in August 1991. Section 25-5-51, which contains the warning requirement, did not become effective until August 1992; therefore, § 25-5-51 is not controlling in this case.
The trial court found Ex parte Southern Energy Homes, 603 So.2d 1036 (Ala. 1992), to be controlling, and it relied upon that case in denying Logan’s claim for benefits. Ex parte Southern Energy Homes holds:
“[I]f the evidence supports a finding that an employee, in entering into the employment relationship, intentionally misrepresented the existence of a prior injury, then that material misrepresentation, if relied upon by the employer, will bar a claim for worker’s compensation benefits if the employer can establish a causal relationship between the misrepresentation and the injury.”
Id., at 1039. Our supreme court adopted the standard set forth in 1C Larson, The Law of Workmen’s Compensation § 47.53 (1986), which provides that an employee who makes false statements concerning his physical condition in an employment application will be denied benefits when: (1) the employee has *868 knowingly and willfully made a false representation as to his physical condition, (2) the employer relies upon the false representation and this reliance is a substantial factor in the hiring, and (3) there is a causal connection between the false representation and the injury. The employer has the burden of proving each of these elements. Ex parte Southern Energy Homes, supra, at 1040.
In order to establish a causal connection between the misrepresentation and the injury, the evidence must show that: (1) the employee’s disability arose out of a reasonably foreseeable accident or job-related activity that in and of itself, in the absence of a pre-existing condition, would not have caused the employee to become disabled; and (2) that the employee’s pre-existing condition substantially increased the risk that the employee would become disabled from a reasonably foreseeable accident or job-related activity. Logan testified that he was injured while unloading tires, and he argues that that injury was not the result of a preexisting injury being aggravated to the point of causing him to become disabled. He contends that the prior injury at the L4 and L5 areas is a separate and distinct injury from the injury sustained to the L5/S1 area. The evidence revealed that in January 1987, Logan was diagnosed as suffering from two bulging discs in the L4 and L5 areas and that in October 1992, after the accident, Logan was diagnosed with a ruptured disc in the L5/S1 area on the right side. Thus, the evidence is sufficient to support a finding that, in the absence of the pre-existing condition, the August 1992 accident would not have caused Logan to become disabled and that his pre-existing condition substantially increased the risk that he would become disabled from a job-related activity. After reviewing the facts in the light most favorable to the trial court’s findings, we conclude that those findings are not manifestly contrary to the evidence contained in the record.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.